## STINE v. FOSTER.

In replevin to recover certain horses delivered to plaintiff pursuant to an exchange, and retaken by defendant under an alleged agreement to retrade if not satisfactory, an instruction that plaintiff's right to recover depended on whether a right was reserver at the time of the trade to either party to return the animals if dissatisfied and take back his own, and, if such agreement was made, then the contract was not completed, and ownership did not pass, was correct.

In an action to recover horses delivered to plaintiff in a trade, and retaken by defendant under an alleged agreement to retrade if not satisfied, the court properly charged that plaintiff could recover only in case the jury found there was no agreement for a return of the horses in case either party was dissatisfied.

Rules applicable to the rescission of a contract of sale are applicable to a contract for an exchange of property only where there has been a completed transfer, and no right reserved for further examination with the right to return the property if not satisfactory.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by M. B. Stine against William Foster. Judgment for defendant, and plaintiff appeals. Affirmed.

*Christopherson & Medin,* for appellant. *G. R. Krause,* for respondent.

CORSON, J. This is an action in claim and delivery, in which the plaintiff seeks to recover the possession of a span of horses and two horse collars, with damages for their wrongful detention, claiming to be the owner and entitled to the possession of the same. Defendant answered by a general denial. The case was tried to a jury, and, the verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It is disclosed by the evidence that on or about January 18,

1905, the plaintiff and defendant, who each owned a team of horses, entered into a contract for an exchange of the same, and that the team owned by the defendant was placed in the plaintiff's barn and the team owned by the plaintiff was taken to his home by the defendant, some five or six miles from the town of Colton, where the trade was made. It is claimed by the defendant that the trade or contract for the exchange of the teams was not completed, but that by its terms he had the right to take the team to his home and try it, and, if not satisfactory, return the same to the plaintiff, and take back the team exchanged by him, and that, by reason thereof, some 10 days after the transaction he returned the team received from the plaintiff to the plaintiff's barn and took home the team he had exchanged therefor, and which constitutes the subject of controversy in this action. It is contended by the appellant that the contract of exchange was fully completed, and that the defendant not only paid to him $10 in cash at the time as boot money, but that on the following day the defendant delivered to him a load of hay, agreed to be given in addition to the money, in the contract of exchange. The evidence was conflicting, and each party was corroborated to some extent as to his theory of the terms of the exchange, and the court seems to have submitted the case to the jury upon the theory that there was such a conflict in the evidence, and that it was for them to determine whether or not there was a completed trade, such as passed the ownership and title to the property in controversy to the plaintiff.

The principal question in this case arises as to the correctness of the judge's charge to the jury. The material parts of the charge are as follows: "It appears in the evidence in this case that some time in January last some trade or attempted trade of horses was effected between the plaintiff and the defendant. And the matter for your consideration is whether or not that was a complete trade such as passed ownership of the property. The horses in controversy it appears had belonged to William Foster, the defendant. He and the plaintiff met in the town of Colton, Minnehaha county, at the time of the trade, and had a negotiation about the exchange of a team belonging to the plaintiff for a team then owned by the defendant, and now claimed by the plaintiff. If in that negotiation

those parties effected a complete trade of the property so that the property passed from the defendant Foster to the plaintiff Stine then the plaintiff became the owner of the property and had title to the property, provided the trade extended to that point at which by mutual intention of the parties the property would pass; that is, if two men seek to trade horses, the ownership of the horses passes whenever it is mutually understood and agreed between the parties that it does pass, and a delivery is had. The defendant in this case claims that the trade was not complete, that it was not the intention of the parties at that time to pass the ownership of the property, but the terms of the trade were complete, each party having a right, however, to test and examine the property, and, if he was dissatisfied with the property handed over to him, he might return it and call the trade off. That is the theory of the defendant. If you find the defendant is correct in that theory, that the trade was not complete, and that he was to have an opportunity to examine the property, and if dissatisfied, if he found the property was not satisfactory to him, that he might return it and take his own horses, then it is not a completed trade, and the property did not pass. If, on the contrary, the trade was as the plaintiff contends, namely, that they examined the horses on both sides, he and the defendant, and mutually agreed upon the terms, and each delivered to the other the horses, and made an exchange by taking possession, and there was nothing said in regard to trading back, in regard to either party having a right if dissatisfied to return the horses, if that was the true state of facts, then the defendant Foster would have no right to return the horses he had received, and take his first horses back. But, if he is correct upon his theory of the case that a right was reserved to either of the parties, if on further examination he was dissatisfied, to return the horses he had received and taken his own former horses back, then Foster might do that and resume possession of his original animals, the animals in controversy. The whole question hinges on this proposition: Was there a right reserved at the time of negotiation to either party to return the animals if dissatisfied, and take back his own. If so, then the contract was not a completed sale, and the ownership did not pass, and Foster might take his own property back

and hold it. But, if, on the contrary, there was no such agreement and a reserved right to rescind and deliver back the property, then Foster had no right to do so, and your verdict should be for the plaintiff."

It is contended by the appellant that the court erred in that part of his charge in which he instructs the jury that the whole question hinges upon this proposition: "Was there a right reserved at the time of the negotiation to either party to return the animals if dissatisfied, and take back his own? If so, then the contract was not a completed sale, and the ownership did not pass, and defendant might take his own property back and hold it." But in our opinion this instruction was clearly correct. The whole question as stated by the court was: Did the terms of the exchange amount to a completed sale of the property by each to the other? In other words, did their minds meet, and was there a completed contract of exchange between them. If that was the case ,then the plaintiff was clearly entitled to the possession of the property, and to recover the same in this action. But if, on the other hand, as stated by the court, there was no such agreement and a right reserved, then the defendant had no right to retake the property.

It is further contended by the appellant that the court erred in that portion of his charge to the jury in which he instructs them that, if at the time of the negotiation either party reserved the right to take back his own team if dissatisfied, then there was no completed sale, and title did not pass. But in our opinion the instruction correctly states the law, for if the transaction did not amount to a completed exchange of the teams, but either party was at liberty to further examine the property and return it if not satisfactory, and retake his own team, there was not a completed exchange, and the title of the property did not pass until the parties had a reasonable time in which to make the examination and to satisfy themselves as to the representations made in regard to the property.

It is further contended by the appellant that the court erred in that part of its charge to the jury in which it states to them, in effect, that only in case they found there was no agreement for a return of the property, and no right reserved to return the same

by the defendant, could their verdict be for the plaintiff. While the court does not use the language to which exception seems to have been taken, perhaps this charge is subject to such a construction in effect. But, assuming that the court did so instruct the jury in effect, we are of the opinion that there was no error in such an instruction. It was only in case there was a completed exchange of the teams that the title to the team formerly owned by the defendant would pass to the plaintiff; and hence, if the right was reserved by the parties to make further examinations, there was no such completed contract as vested in the plaintiff, and absolute title to the property or a right to retain the possession of the same as against the defendant.

The learned counsel for the plaintiff has cited a large number of authorities holding when, and under what circumstances, parties have a right to rescind a contract, but in our view they are not applicable to the case at bar, but are only applicable to cases where there has been a complete transfer of the property, and no right is reserved to the parties for the purpose of further examination, with the right to return the property if not satisfactory.

This case seems to have been very fully and fairly submitted to the jury, and, finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.